IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MICHAEL MATOS,

                Plaintiff,

     v.

PRISON HEALTH SERVICE INC., et al.,

            Defendants.

CIVIL ACTION
NO. 14-4517

## OPINION

SLOMSKY, J.                                                    May 7, 2015

## I.   INTRODUCTION

Plaintiff Michael Matos, proceeding pro se, brings this civil rights action under 42 U.S.C. § 1983 against Defendants Mental Health Management, Inc. ("MHS") and Prison Health Services, Inc. ("PHS") based on events arising while Plaintiff was incarcerated at the State Correctional Institution at Laurel Highlands ("SCI Laurel Highlands") in Somerset, Pennsylvania. Plaintiff alleges that Defendants violated his Eighth Amendment right to receive adequate medical care based on an alleged failure to respond to Plaintiff's medical needs. Defendants have each filed a Motion to Dismiss the Complaint. For reasons that follow, the Court will grant the Motions.

## II.   FACTUAL BACKGROUND

In 2013, Plaintiff was a prisoner at SCI Laurel Highlands. (Doc. No. 4 at 1.) At this facility, Defendant PHS was responsible for the medical care of inmates, and Defendant MHM was responsible for their mental health care. (Id. at 2.) Plaintiff alleges that during his incarceration, he submitted sick call slips requesting treatment for lower back inflammation,

depression, and anxiety to the medical and mental health departments at the prison.  (Id. at 3.)
He contends that "[a]dministration did not respond at all" to his requests, and asserts that the
failure to respond violated his Eighth Amendment right to receive adequate medical care.  (Id. at
4.)

In his Complaint, Plaintiff does not include specific factual allegations about his alleged
mistreatment, but instead attaches two forms to support his claim.  One form is a document titled
"Sick Call Request" dated March 16, 2013, and the other form is an undated document titled
"Inmate Grievance Form."  (Doc. No. 4 at 8, 9.)

In the Sick Call Request form, which was filled out by Plaintiff, he complained that his
lower back was bothering him due to a fall from a bunk bed.  (Doc. No. 4 at 8.)  Plaintiff had
been treated with Motrin after the fall, and in the form requested a stronger drug to treat the pain.
(Id.)  In the portion of the form completed by the Medical Unit, a nurse wrote "[y]ou will go for
an x-ray LS spine to find out what's wrong with your back."  (Id.)  Plaintiff wrote on the form,
apparently after receiving the x-rays, that "[t]hey found something wrong but the nurse tried to
explain but she didn't know how to."  (Id.)  The form indicated that his request was received and
addressed on the same day.

The second form Plaintiff attached to the Complaint is the Inmate Grievance Form and is
seemingly unrelated to his physical and mental health issues.  (Doc. No. 4 at 10.)  In this form,
Plaintiff wrote that he was being housed in a two-man cell with three people.  (Id.)  Plaintiff
contends that being housed with two other inmates caused him "a great amount of stress and
frustration" as the cell-mates "know each other from the streets and don't have know [sic]
respect for me while I'm trying to sleep they stay up until 4 AM talking and raping [sic]."  (Id.)
Where the form asks "[d]escribe how and when you tried to resolve this Grievance [sic]

2

formally," Plaintiff wrote "[t]he jail is overcrowded and that's all they tell me."  (Id.)  Aside from the blanket statements found throughout the Complaint that his medical and mental health needs were not addressed, Plaintiff includes no other information about his physical or mental health.

On July, 28, 2014, Plaintiff initiated this action by filing an application to proceed in forma pauperis.  (Doc. No. 1.)  On August 25, 2014, the Court granted his application.  (Doc. No. 3.)  His Complaint was then filed against MHM and PHS in which he asserts one claim—a violation of his Eighth Amendment right to receive adequate medical care.  (Doc. No. 4.) Plaintiff does not attribute any specific actions to MHS or PHS other than the actions described above.  In the Complaint, he uses the boilerplate language that Defendants "acted with deliberate indifference towards [Plaintiff's] serious medical needs . . . ."  (Id. at 3.)

On November 20, 2014, MHS filed a Motion to Dismiss the Complaint, and on December 1, 2014, PHS also filed a Motion to Dismiss.  (Doc. Nos. 8, 12.)  After Plaintiff failed to timely respond to Defendants' Motions to Dismiss, this Court ordered Plaintiff to respond by February 11, 2015.  (Doc. No. 17.)  On January 22, 2015, Plaintiff filed the Response to both Motions.  (Doc. No. 18.)

## III.    LEGAL STANDARD

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a lawsuit must state a plausible claim.  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556, (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id.  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice" to defeat a Rule 12(b)(6) motion to dismiss.  Id. at 663.  Applying this principle, the Third Circuit explained in Malleus v. George

that the inquiry requires that a district court: "(1) identify[] the elements of the claim, (2) review[] the complaint to strike conclusory allegations, and then (3) look[] at the well-pleaded components of the complaint and evaluate whether all of the elements identified in part one of the inquiry are sufficiently alleged." 641 F.3d 560, 563 (3d Cir. 2011) (quoting Iqbal, 556 U.S. at 675, 679).

A complaint must do more than allege a plaintiff's entitlement to relief, it must "show" such an entitlement with its facts. Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (citing Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008)). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'shown'—'that the pleader is entitled to relief.'" Iqbal, 556 U.S. at 679. The "plausibility" determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id.

Where, as here, the complaint is filed pro se, the court must "read a pro se plaintiff's allegations liberally and apply a less stringent standard to the pleading of a pro se plaintiff than to a complaint drafted by counsel." McGrath v. Johnson, 67 F. Supp. 2d 499, 505 (E.D. Pa. 1999). Nevertheless, even pro se plaintiffs must comply with the Rules of Civil Procedure when drafting a complaint.

## IV.    ANALYSIS

Plaintiff's sole claim against Defendants is a violation of his Eighth Amendment right to receive adequate medical care pursuant to 42 U.S.C. § 1983, which provides a cause of action against every person who under color of state law, deprives another person of a federally protected right. Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014). To plead an Eighth Amendment claim based on the denial of medical care, an inmate must plausibly allege

4

that the defendants were deliberately indifferent to a serious medical need.  Estelle v. Gamble, 429 U.S. 97, 104 (1976).

Here, Plaintiff is suing two private corporations.  When an inmate brings a § 1983 claim against a private entity, the analysis is akin to a municipal liability claim under Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978).  Specifically, a private corporation contracted by a prison to provide health care for inmates "can only be held liable for constitutional violations if it has a custom or policy exhibiting deliberate indifference to a prisoner's serious medical needs." Reiss v. Smith, 1:CV-12-2089, 2013 WL 2896832, at *3 (M.D. Pa. June 12, 2013).  Not all state action rises to the level of a custom or policy.  A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict."  Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir. 1996) (internal quotations omitted).  A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law."  Bd. of Cnty. Comm'rs v. Brown, 520 U.S. 397, 404 (1997).

In the Complaint, Plaintiff has not alleged any facts identifying and describing a custom or policy of MHM or PHS.  Not once in the Complaint does he suggest that a policy or custom caused his alleged constitutional injuries.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002) (finding that plaintiff's Eighth Amendment claim was properly dismissed where his complaint did not allege that the jail had a policy of denying inmates medical treatment, or "that other inmates suffered similar deprivations of medical attention that might establish a custom").  For this reason alone, Plaintiff's Eighth Amendment claim would fail and his Complaint should be dismissed.

Another reason exists, however, that warrants dismissal of the Complaint.  Plaintiff has not established that anyone affiliated with his medical claims acted with deliberate indifference to his medical needs, let alone that PHS or MHM had a policy or custom of exhibiting deliberate indifference.  "Deliberate indifference [] requires obduracy and wantonness, which has been likened to conduct that includes recklessness or a conscious disregard of a serious risk."  Harper v. Corizon, No. 14-cv-0639, 2015 WL 1608434, at *3 (E.D. Pa Apr. 10, 2015) (internal quotations and citations omitted).  It is well settled that claims of negligence without a more culpable state of mind do not amount to deliberate indifference.  Estelle, 429 U.S. at 106.

Here, Plaintiff fails to plausibly allege that PHS or MHM exhibited deliberate indifference in response to his physical and mental health ailments.  Plaintiff generally avers that staff failed to provide proper care, but he fails to offer any specific evidence of their failures.  In fact, the record belies Plaintiff's claims.  The Sick Call Request form notes that his request for treatment for his back pain was submitted and treated on the same day.  This notation contradicts Plaintiff's claims that his medical requests were ignored.  (Doc. No. 4 at 8.)  Moreover, it is well established that "mere disagreement[] as to the proper medical treatment" is insufficient to establish a constitutional violation.  Thomas v. Dragovich, 142 F. App'x 33, 36 (3d Cir. 2005).  With regard to Plaintiff's mental health issues of anxiety and depression, Plaintiff does not describe in the Complaint how these issues went untreated by PHS and MHM.  Thus, Plaintiff fails to plausibly allege that PHS or MHM acted with "recklessness or a conscious disregard of a serious risk" in their treatment of Plaintiff's physical and mental health ailments.

Finally, Plaintiff fails to plausibly allege that he was suffering from a serious medical need.  A medical need is serious if it "has been diagnosed by a physician as requiring treatment," or if it "is so obvious that a lay person would easily recognize the necessity for a doctor's

6

attention."  Atkinson v. Taylor, 316 F.3d 257, 272-73 (3d Cir. 2003) (quoting Monmouth Cnty.

Corr. Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987).  The need for care must

be such that "a failure to treat can be expected to lead to substantial and unnecessary suffering,

injury, or death."  Tsakonas v. Cicchi, 308 F. App'x 628, 632 (3d Cir. 2009).

 In his Complaint, Plaintiff states that he was dissatisfied with the treatment he received

for his lower back inflammation.  (Doc. No. 4 at 3-4.)  Aside from the Sick Call Request which

indicates that Plaintiff was given x-rays and treated with Motrin, Plaintiff does not describe the

severity or duration of the back pain, whether he presently experiences pain, and whether

treatment has relieved the pain.  While back pain is indeed unpleasant, Plaintiff does not

plausibly allege that his lower black inflammation has created "substantial and unnecessary

suffering."  Tsakonas, 308 F. App'x at 632.  Compare Spruill v. Gillis, 372 F.3d 218, 236 (3d Cir.

2004) (inmate who suffered from "excruciating" back pain that required significant and

continuous medication and would potentially cause permanent injury sufficiently alleged a

serious medical need).

 With regard to Plaintiff's anxiety and depression, Plaintiff has included even less

information about these mental health ailments than he has asserted about his lower back

problem.  In the Complaint, Plaintiff simply alleges that he was dissatisfied with the treatment he

received for his anxiety and depression.  (Doc. No. 4 at 4.)  Plaintiff does not state what

treatment he has received for these diagnoses nor does he describe the severity of his anxiety and

depression.  Without information about his diagnosis or treatment, Plaintiff has failed to

plausibly allege that his depression and anxiety are serious medical needs.  Compare Smith v.

Carver, No. 07-CV-575, 2008 WL 436911, at *4 (E.D. Pa. Feb. 15, 2008) (holding that plaintiff

established that he suffered from a serious medical need where the inmate presented evidence

that his anxiety and depression was diagnosed by a physician as requiring treatment).  For this additional reason, Plaintiff's Eighth Amendment claim fails and the Complaint will be dismissed.[1]

## V.   CONCLUSION

For all the foregoing reasons, Defendants' Motions to Dismiss (Doc. Nos. 8, 12) will be granted and Plaintiff's Complaint (Doc. No. 4) will be dismissed.  An appropriate Order follows.

---

[1] Plaintiff will not be granted leave to amend his Complaint.  District courts are required to grant leave to amend complaints unless such amendment would be futile.  Grayson, 293 F.3d at 108. Here, Plaintiff has not attributed any wrongdoing to the Defendants PHS and MHM.  Plaintiff had ample opportunity in the Complaint to allege any facts that could support his claim that he sustained an Eighth Amendment violation.  However, after reviewing the Complaint, the facts set forth do not give rise to a cognizable Eighth Amendment violation and any amendment would be futile.